# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**RICHARDS ENERGY COMPRESSION, LLC,**
**ROBERT RAY WALLACH and BILL RICHARDS**

  **Plaintiffs,**

**V.**              **Case No. 13cv0640 WJ/SMV**

**DICK GLOVER, INC., RJG ENTERPRISES, LLC**
**R.J. GLOVER, R.J. GLOVER, JR., AND**
**STEPHANIE GLOVER**

  **Defendants.**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS STEPHANIE GLOVER AND RJG ENTERPRISES, LLC'S MOTION TO DISMISS ALL CLAIMS

  **THIS MATTER** comes before the Court upon Defendants Stephanie Glover and RJG Enterprises, LLC's Motion to Dismiss All Claims, filed August 7, 2013 **(Doc. No. 3)**. Having considered the parties' briefs and the applicable law, the Court finds that Defendants' motion is well-taken and, therefore, is GRANTED.

### Background

  This matter arises out of the sale of Defendants' interests in Richards Energy Compression, LLC ("REC) to Plaintiffs Robert Ray Wallach and Bill Richards.  As part of the negotiation of the sale of Defendants' interests, Defendants R.J. Glover, R.J. Glover, JR, and Dick Glover, Inc. ("DGI") (*hereinafter* referred to collectively as "Glover Defendants") executed a Non-Competition Agreement ("the Agreement").   The Agreement prohibited Glover Defendants from providing compression units to customers in a certain geographical area for two years.   Plaintiffs allege that Glover Defendants violated the Agreement by providing

compression units to customers within the geographic area listed by the Agreement.  Defendants

Stephanie Glover ("Stephanie") and RJG Enterprises assert that they were not parties to the

Agreement executed by Plaintiffs and Glover Defendants and therefore cannot be held to the

terms of that Agreement.[1]  Accordingly, Stephanie and RJG ask this Court to dismiss the claims

against them pursuant to Fed. R. Civ. P. 12(b)(6).

**Discussion**

## I.      Legal Standard

Fed. R. Civ. P. 12(b)(6) allows a defense for "failure to state a claim upon which relief

can be granted." In asserting a claim, the claimant must plead "only enough facts to state a claim

to relief that is plausible on its face." Bell Atl. Corp.v. Twombly, 550 U.S. 544, 570 (2007). A

claim challenged by a 12(b)(6) motion to dismiss does not require detailed factual allegations,

but must set forth "more than labels and conclusions, and a formulaic recitation of the element of

a cause of action will not do".  Id. at 555  "The court's function on a Rule 12(b)(6) motion is not

to weigh potential evidence that the parties might present at trial, but to assess whether the

[claimant's] complaint alone is legally sufficient to state a claim for which relief may be

granted." Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the [claimant] can

prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson,

355 U.S. 41, 45–46 (1957); see Ash Creek Mining Co. v. Lujan, 969 F.2d 868, 870 (10th

Cir.1992). All well-pleaded factual allegations in the complaint are accepted as true, see Ash

Creek Mining Co., 969 F.2d at 870, and viewed in the light most favorable to the nonmoving

---

[1]      As an initial matter, this Court need not and will not determine whether Glover Defendants violated the
Agreement.  Further, this Court will not consider whether the Agreement is reasonable as to the Glover Defendants,
because the reasonableness of the Agreement is not raised by Stephanie and RJG in its Motion.  Finally, this Order
will not address any claims that may potentially be brought by Plaintiffs against Stephanie and RJG that are not
based upon the Agreement. Plaintiffs do not dispute that all claims brought in its Complaint are based upon an
alleged violation of the Agreement.

party, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

A 12(b)(6) motion must be converted to a motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court" and "all parties ... [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). The failure to convert a 12(b)(6) motion to one for summary judgment where a court does not exclude outside materials is reversible error unless the dismissal can be justified without considering the outside materials. See Brown v. Zavaras, 63 F.3d 967, 970 (10th Cir.1995). Notwithstanding these general principles, if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.  GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (citations omitted).

This Court does not see a need to convert this motion into a summary judgment motion, since the Non-Competition Agreement attached as an exhibit to Plaintiffs' Complaint is central to Plaintiffs' claims and thus provides the basis for the instant lawsuit.  The Court may therefore properly consider the Agreement without converting this motion to dismiss into a motion for summary judgment.  Plaintiffs' Exhibits 1-8 are not properly submitted in response to a motion to dismiss; however, the Court does not find it necessary to consider this material since none of these exhibits are relevant to determining whether Stephanie and RJG are parties to the Agreement.

## II.    Choice of Law

Federal courts sitting in diversity cases apply state substantive law.  Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  Therefore in this matter, New Mexico law would normally

govern the contract dispute.  However, "New Mexico respects party autonomy; the law to be applied to a particular dispute may be chosen by the parties through a contractual choice-of-law provision." Fiser v. Dell Computer Corp., 2008-NMSC-046, ¶7, 144 N.M. 464, 467, 188 P.3d 1215, 1218; see also NMSA (1978), §55-1-301(A) (2005).  New Mexico courts may choose not to honor the choice-of law provision and apply New Mexico law instead where "the application of the law chosen by the parties offends New Mexico public policy."  Id.  (citing United Wholesale Liquor Co. v. Brown-Forman Distillers Corp., 1989-NMSC-030, 108 N.M. 467, 470, 775 P.2d 233, 236).

In New Mexico, "[n]on-competition covenants are ordinarily enforceable as long as a court deems them reasonable."  Insure New Mexico, LLC v. McGonigle, 2000-NMCA-018, ¶ 24 128 N.M. 611, 617, 995 P.2d 1053, 1059 (citing Bowen v. Carlsbad Ins. & Real Estate Inc., 104 N.M. 514, 516–17, 724 P.2d 223, 225–26 (1986)).  Accordingly, this Court finds that the parties have specifically agreed to be bound by Texas law and there is nothing about applying Texas law to this dispute that would offend New Mexico public policy.  Therefore, this Court will apply Texas substantive law to determine whether the Agreement applies to Defendants Stephanie and RJG.

## III.   Texas law Regarding Contracts

"In construing a contract, a court must ascertain the true intentions of the parties as expressed in the writing itself."  J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 229 (Tex. 2003). The court, "begin[s] [the analysis of the parties' intent] with the contract's express language." Progressive County Mut. Ins. Co. v. Kelley, 284 S.W.3d 805, 807 (Tex.2009) (per curiam).  "[Courts] give the terms used their plain, ordinary and generally accepted meaning unless the writing shows the terms are intended to be used in a different sense." Am. Mfrs. Mut.

Ins. Co. v. Schaefer, 124 S.W.3d 154, 158–59 (Tex.2003).  In identifying the parties' intent, the court "must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless."  Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am., 341 S.W.3d 323, 333-34 (Tex. 2011).  Some types of contracts are construed more narrowly than others.  "Covenants in restraint of trade do not rest upon inference[;] [t]he agreement will not be extended by implication and it will be construed in favor of rather than against the interests of the covenantor."  Seline v. Baker, 536 S.W.2d 631, 634 (Tex. Civ. App. 1976).

The court must only consider the contract language when interpreting the contract. However in some instances, the court cannot determine the parties' intent solely from the contract itself. "If [the court] determine[s] that the [contract] is subject to two or more reasonable interpretations, then [it] may hold it is ambiguous as a matter of law."  Id.  "Only where a contract is ambiguous may a court consider the parties' interpretation and admit extraneous evidence to determine the true meaning of the instrument."  David J. Sacks, P.C. v. Haden, 266 S.W.3d 447, 450–51 (Tex.2008) (per curiam) (internal quotation omitted).

Only parties to a contract may be bound by its terms.  See Sitaram v. Aetna U.S. Healthcare of N. Texas, Inc., 152 S.W.3d 817, 825 (Tex. App. 2004) ("It is fundamental that a contract is not binding on a nonparty.");  In re Merrill Lynch Trust Co. FSB, 235 S.W.3d 185, 191 (Tex. 2007) ("Thus, a contract with one corporation—including a contract to arbitrate disputes—is generally not a contract with any other corporate affiliates.").  "Although whether the parties intended to be bound is often a question of fact, it may be determined as a matter of law."  WTG Gas Processing, L.P. v. ConocoPhillips Co., 309 S.W.3d 635, 643 (Tex. App. 2010).

**IV.     Stephanie and RJG are not parties to the Non-Competition Agreement and therefore cannot be held to its terms**

This Court finds the Court of Civil Appeals case of <u>Texas Shop Towel v. Haire</u>, 246 S.W.2d 482, 484 (Tex. Civ. App.- San Antonio 1952) especially instructive.  In <u>Haire</u>, the buyer of a business brought claims against the seller for breach of the non-compete agreement the parties had negotiated as part of the sale of the business.  <u>Id.</u>, at 483.   The non-compete agreement executed by the seller specifically provided that the owner (seller) and all of the companies' employees would not participate in a competing business for a number of years.  <u>Id</u> At trial, the jury found that the seller had not breached the non-compete agreement and found in the seller's favor.  <u>Id.</u>   The buyer asked the Court to grant a judgment notwithstanding the verdict; the trial court denied that motion. <u>Id.</u>  The buyer appealed the trial court's ruling.  <u>Id.</u>, at 484.

The Court of Appeals upheld the trial court's ruling.  <u>Id.</u>  The Court of Appeals noted that the only possible method of relief for the buyer was to find that all of the seller's employees were bound by the non-compete agreement.  The Court noted "in a contract restricting trade, we do not think that an employee's individual right and freedom to contract may be traded away by a third person, even by the third party's express contract."  <u>Id.</u>, at 485.  "It is one thing for an employee voluntarily to surrender his known rights; it is vastly different when an employee is placed under servitude by a contract to which he is not a party and about which he may know nothing."  <u>Id.</u>  Even though the contract specifically stated that it was to apply to employees of the seller, the Court of Appeals refused to hold the employee accountable to the terms of the non-compete agreement, because the employee was not a party to that agreement.  Other courts have relied on the reasoning in <u>Haire</u>.  <u>See</u> <u>e.g.</u>  <u>Heyde Companies, Inc. v. Dove Healthcare, LLC</u>, 2001 WI App 278, 249 Wis. 2d 32, 39, 637 N.W.2d 437, 440 <u>aff'd</u>, 2002 WI 131, 258 Wis. 2d

28, 654 N.W.2d 830 ("We agree with the reasoning in [Haire].  It is one thing to uphold the restriction on an employee's freedom where it results from an agreement freely entered into by the employee. But where the restriction on an employee's freedom results from the employer's agreement with another [], the employee is deprived of his or her freedom without acquiescence and with no resulting benefit.").

In this instance, Stephanie and RJG are not named as parties to the Agreement.  Only the Glover Defendants are named explicitly in the Agreement.  The Agreement further states that "Glover's rights and obligations under [the contract] hereof, are personal and such rights, benefits, and obligations of Glover shall not be voluntarily or involuntarily assigned, alienated or transferred whether by operation of law or otherwise, without the prior written consent of the Company."  See Exhibits A and B to **(Doc. No. 1),** Plaintiffs' Complaint.  The language of the Agreement does not indicate that the parties intended to bind Stephanie and RJG.  However, even if the Plaintiffs and Glover Defendants had intended for Stephanie and RJG to be bound by the Agreement, Stephanie and RJG were not parties to the Agreement, and therefore cannot be held to its terms.  See Haire supra.  The fact that Stephanie and RJG may be involved with the Glover Defendants' business does not provide a basis for holding Stephanie and RJG to the terms of the Agreement.  Those who are not parties to a contract simply cannot be bound by its terms.

Further, Plaintiffs' reliance on the Texas appellate case of Heritage Operating, L.P. v. Rhine Bros., LLC, 02-10-00474-CV, 2012 WL 2344864 (Tex. App.- Fort Worth June 21, 2012) is misplaced.  Contrary to Plaintiffs' assertions, this case does not stand for the proposition that those who are not parties to a non-compete agreement can be bound by that agreement.  In fact, apart from its statement of background facts, the Court of Appeals, did not even mention the fact

7

that Defendant's wife had entered into a competing propane business that would have violated the non-compete agreement had she been a party to that agreement.  Id., at *2.  A jury did find that Defendant's wife intentionally interfered with the non-compete agreement; however, this finding is a vastly different from finding that Defendant's wife was bound by a non-compete agreement she did not sign.  Id.  Intentional interference with business relations sounds in tort, not contract law.  The jury also found that Defendant breached the non-compete agreement even though he did not directly participate in the propane business with his wife.  Id.  The Court of Appeals did not address whether this was proper on appeal, however, the only issue  was whether the non-compete agreement itself was reasonable.   Id.   Even if Heritage did stand for the proposition that a party to a non-compete agreement may be held responsible for the actions of others (non-parties) that violate the agreement, that argument does not apply here.  Plaintiffs are arguing that a person who is not a party to a non-compete agreement should be held accountable for violating the agreement.  Heritage simply does not support that argument.  Moreover, none of the  other cases cited by Plaintiffs supports their argument because each  case involved interpreting a non-compete agreement broadly against a **party** to the particular agreement at issue which is in sharp contrast to the situation in the case at bar where Plaintiffs are trying to enforce a non-compete agreement against persons who are not parties to the Agreement.

Plaintiffs entered into a non-compete agreement with the Glover Defendants and Plaintiffs may well have a viable cause of action against the Glover Defendants based upon Stephanie and RJG's actions.  However, Stephanie and RJG are simply the wrong defendants in this matter.  This Court will not extend the unambiguous terms of the Agreement beyond their ordinary meaning.  Stephanie and RJG are not named explicitly parties to the Agreement, nor does a fair reading of the Agreement show that the parties intended Stephanie and RJG to be

8

bound by the Agreement.  Accordingly, this Court finds that Stephanie and RJG are not bound by the terms of the Agreement and Plaintiffs' Complaint fails to state a claim against them.

**THEREFORE,**

**IT IS ORDERED**, that Defendant Stephanie Glover and RGJ's Motion to Dismiss all Claims (**Doc. No. 3**) is **GRANTED**, and all claims against Ms. Glover and RGJ are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE